UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEIL A.G. MCPHIE, Chairman, | )   No. 1:08-cv-0100-HHK |
| Merit Systems Protection Board, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

Defendant Neil A.G. McPhie, Chairman, United States Merit Systems Protection Board (the "MSPB" or "Defendant"), by and through undersigned counsel, answers the Complaint of plaintiff Patricia A. Brooks ("Plaintiff") on information and belief as follows:

1. Defendant admits that Plaintiff files purportedly under Title VII of the Civil Rights Act of 1964 and, except for the foregoing specific admissions, denies the remainder of the allegations contained in the first sentence of paragraph 1 of the Complaint. Defendant denies that Plaintiff is entitled to relief requested in the second sentence of paragraph 1 of the Complaint.

### PARTIES

2. Defendant lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph 2 of the Complaint, and Defendant therefore denies these allegations. Defendant denies the allegations set forth in the second sentence of paragraph 2 of the Complaint, except to admit that Plaintiff began her employment at the MSPB on June 7, 1998, and that Plaintiff has served as either a Computer Specialist or IT Specialist. Defendant admits the allegations contained in the third and fourth sentences in paragraph 2 of the Complaint.

3.       Defendant admits the allegation in the first sentence of paragraph 1 of the Complaint that Neil A.G. McPhie is Chairman of the MSPB, but denies the remainder of the allegations in that sentence. Defendant admits the allegations contained in the second and third sentences of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.       Admitted.

5.       Admitted.

6.       Defendant admits the allegations set forth in the first sentence of paragraph 6 of the Complaint. Defendant denies the allegation in the second sentence of paragraph 6 of the Complaint that it engaged in any discriminatory act.

7.       Defendant admits that Plaintiff filed an administrative Equal Employment Opportunity ("EEO") complaint, but denies all remaining allegations contained in paragraph 7 of the Complaint.

8.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 8 of the Complaint. Therefore, Defendant denies the allegations contained in the first sentence of paragraph 8. Defendant denies the allegations in the second sentence paragraph 8 of the Complaint except to admit that Plaintiff filed a formal EEO complaint with the MSPB on February 20, 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 8 of the Complaint. Therefore, Defendant denies the allegations contained in the third sentence of paragraph 8. Defendant admits the allegations contained in the fourth sentence of paragraph 8 of the Complaint that Plaintiff requested withdrawal of her request

for hearing by the Equal Employment Opportunity Commission ("EEOC") on August 10, 2007, and that Defendant issued a Final Agency Decision ("FAD") on October 19, 2007, but denies the remaining allegations in that sentence. Defendant denies the allegations contained in the fifth sentence of paragraph 8 of the Complaint.

## FACTS

9. Defendant admits that Plaintiff is an African American woman, but denies the remaining allegations contained in the first sentence of paragraph 9 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 9 of the Complaint except to admit that Plaintiff has been employed as a Computer Specialist or Information Technology ("IT") Specialist, GS-14, with the MSPB's Office of Information Resources Management ("IRM"), since June 7, 1998.

10. Admitted.

11. Admitted.

12. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 12 of the Complaint, and therefore Defendant denies the allegations in that first sentence, except to admit that Plaintiff's assignments have, among other things, related to the development of an automated system for tracking Freedom of Information Act ("FOIA") requests. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 12 of the Complaint, and therefore Defendant denies the allegations in that second sentence, except to admit that Plaintiff's assignments have, among other things, related to the provision of support for the Document Management System.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in the first sentence of paragraph 14 of the

Complaint. Defendant denies the allegations contained in the second sentence of paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in the first sentence of paragraph 15 of the Complaint, except to admit that Mr. Ngo and Mr. Hwang met with Plaintiff in March 2005. Defendant denies the allegations contained in the second sentence of paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in the first sentence of paragraph 16 of the Complaint except to admit that Mr. Ngo and Mr. Hwang met with Plaintiff in April 2005 to discuss the progress of a document migration project. Defendant denies the allegations contained in the second sentence of paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in the first sentence of paragraph 17 of the Complaint, except to admit that there was a meeting to review a demonstration by Plaintiff of how documents would be migrated into the Document Management System on May 11, 2005. Defendant denies the allegations contained in the second and third sentences of paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff left the meeting on May 11, 2005, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in the first sentence of paragraph 18 of the Complaint. Therefore, Defendant denies the remainder of the allegations contained in the first sentence of paragraph 18 of the Complaint. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in the second sentence of paragraph 18 of the Complaint, and therefore Defendant denies the allegations contained in that sentence.

19. Defendant admits the allegation contained in the first sentence paragraph 19 of the

Complaint that Plaintiff and MSPB's Chief of Staff, Tracey Watkins, had a meeting at some point after May 11, 2005, but Defendant lacks sufficient information to admit or deny the remainder of the allegations in that sentence. Therefore, Defendant denies the remaining allegations contained in the first sentence of paragraph 19 of the Complaint. Defendant denies the allegations contained in the second sentence paragraph 19 of the Complaint, except to admit that Mr. Hwang discussed with Ms. Watkins mediation with Plaintiff.

20. Defendant admits the allegations contained in the first sentence of paragraph 20 of the Complaint. Defendant denies the allegations contained in the second and third sentences of paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in the first sentence of paragraph 21 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 21 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in the first sentence of paragraph 22 of the Complaint. Defendant denies the allegations contained in the second through fifth sentences of paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in the first sentence of paragraph 23 of the Complaint except to admit that, on or about October 26, 2005, Mr. Ngo provided Plaintiff a "Memo to File" document addressing aspects of her performance. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 23 of the Complaint, and therefore denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 23 of the Complaint, and therefore denies those

allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of paragraph 23 of the Complaint, and therefore denies those allegations. Defendant admits the allegations in the fifth sentence of the Complaint that Bill McDermott, a white male, is the manager of the Document Management System. However, Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations contained the fifth sentence of paragraph 23, and therefore denies those allegations. Defendant denies the allegations contained in the sixth sentence of paragraph 23 of the Complaint.

24.    Defendant admits the allegation contained in paragraph 24 of the Complaint that, at some point, Mr. Ngo asked Plaintiff to provide greater detail in her status reports, but denies the remainder of the allegations contained in that paragraph.

25.    Defendant admits the allegation contained in the first sentence of paragraph 25 of the Complaint that Plaintiff and Mr. Ngo met for a mid-year review of Plaintiff's performance during 2006, but denies the remaining allegations contained in the first sentence of paragraph 25 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 25 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 25 of the complaint, except to admit that Craig Thomas performed work related to the Sharepoint calendar project. By way of further answer, Defendant avers that, as part of Mr. Ngo's midyear review of Plaintiff's performance in 2006, he recommended to her that she take a more proactive approach in establishing objectives, plans and priorities.

26.    Defendant admits the allegation contained in the first sentence of paragraph 26 of the Complaint that as part of an April 2006 mid-year performance review meeting, Mr. Ngo provided Plaintiff a "Memo to File" document that provided performance feedback and denies the

remaining allegations contained in that sentence. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 26 of the Complaint, and therefore denies those allegations. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the third sentence of paragraph 26 of the Complaint, and therefore denies those allegations.

27.     Defendant denies the allegations contained in the first sentence of paragraph 27 of the Complaint. Defendant admits that Mr. McDermott and Plaintiff are both Team Leaders, but denies the remaining allegations contained in the second sentence of paragraph 27 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the third and fourth sentences of paragraph 27 of the Complaint, and therefore denies those allegations.

28.     Defendant admits the allegations contained in the first sentence of paragraph 28 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 28 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the third sentence of paragraph 28 of the Complaint, and therefore denies those allegations, except to admit that Plaintiff spoke with Mr. Ngo about the Freedom of Information Act project.

29.     Defendant denies the allegations contained in the first sentence of paragraph 29 of the Complaint. Defendant admits that IRM employees were told that reasonable explanations would be accepted for project delays, and denies the remaining allegations contained in the second sentence of paragraph 29 of the Complaint. Defendant denies the allegations contained in the third sentence of paragraph 29 of the Complaint.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 30 of the Complaint. Therefore,

Defendant denies the allegations contained in the first sentence of paragraph 30. Defendant admits that Mr. Matta contacted Mr. Ngo regarding Ms. Brooks, but denies the remaining allegations contained in the second sentence of paragraph 30.

31. Defendant denies the allegations contained in the first sentence of paragraph 31 of the Complaint except to admit that Mr. Ngo received information from Tim McAleer, an IRM employee, which placed into question the accuracy of Plaintiff's original time and attendance submission for October 25, 2006. Defendant denies the allegations contained in the second sentence of paragraph 31 of the Complaint except to admit that Mr. Ngo asked Plaintiff on or about October 27, 2006, to review her time and attendance submission for the period in question and to provide the times she started and ended work on October 25, 2006. Defendant denies the allegations contained in the third sentence of paragraph 31 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in the fourth sentence of paragraph 31 of the Complaint that she had worked extra hours and on the weekends, including Sunday, October 22, 2006, without seeking compensation for the work. Defendant therefore denies this allegation. Defendant denies the allegations contained in the fifth sentence of paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in the first sentence of paragraph 32 of the Complaint except to admit that Mr. Hwang and Mr. Ngo do not scrutinize the time and attendance records of Mr. McAleer because neither is the immediate supervisor of Mr. McAleer. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the second sentence of paragraph 32 of the Complaint, and therefore denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the third sentence of paragraph 32 of the Complaint, and

therefore denies those allegations. Defendant denies the allegations contained in the fourth sentence of paragraph 32 of the Complaint except to admit that Mr. Hwang and Mr. Ngo do not scrutinize the time and attendance records of Mr. McAleer because neither is the immediate supervisor of Mr. McAleer.

33.     Defendant admits that Plaintiff made contact with an EEO counselor on October 31, 2006, but denies the remainder of the allegations contained in paragraph 33 of the Complaint.

34.     Defendant admits the Plaintiff, Mr. Matta, Mr. Hwang and Mr. Ngo met on October 31, 2006, and admits that Mr. Ngo obtained information from the agency's computer system that indicated the time Plaintiff signed off from the system the evening of October 25, 2006. Defendant denies the remaining allegations set forth in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in the first sentence paragraph 35 of the Complaint, except to admit that IRM employees have used attachments containing computer screens of system errors to assist in troubleshooting problems. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 35 of the Complaint, and therefore denies those allegations.

36.     Defendant denies the allegations contained in the first sentence of paragraph 36 of the Complaint except to admit that Plaintiff's summary rating for her performance appraisal for fiscal year 2006 was Minimally Successful. Defendant denies the allegations contained in the second through fourth sentences of paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in the first sentence paragraph 37 of the Complaint except to admit that there was a meeting concerning Plaintiff's performance appraisal for fiscal year 2006, and Mr. Ngo told Plaintiff that she needed to improve upon working with other Team Leaders, or something to that effect. Defendant denies the allegations contained in

the second sentence paragraph 37 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in the third sentence of paragraph 37 of the Complaint. Defendant therefore denies the allegations contained in the third sentence of paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in the first sentence of paragraph 39 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 39 of the Complaint.

40. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 40 of the Complaint, and therefore denies those allegations. Defendant denies the allegations contained in the second sentence of paragraph 40 of the Complaint except to admit that that Mr. Ngo discussed Plaintiff's interaction with Mr. Hoang as a single example of Plaintiff's performance during the 2006 rating period. Defendant denies the allegations contained in the last three sentences of paragraph 40 of the Complaint, except to admit that Mr. Hoang had purchased, and was responsible for managing, five calls to Microsoft's technical support line for use by members of the Operation Team, and that ultimately, Mr. Ngo purchased additional support line calls specifically for use by Plaintiff.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint, except to admit that Mr. Ngo spoke with Plaintiff about an incident between she and Mr. Hoang.

42. Defendant denies the allegations contained in the first sentence of paragraph 42 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint except to admit that Mr. Ngo has discussed the Plaintiff's grade and qualifications with the Mr. Hwang, the Director of IRM and Plaintiff's second level supervisor.

45.     Defendant denies the allegations contained in the first sentence of paragraph 45 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in the first sentence of paragraph 47 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in the second sentence of paragraph 47 of the Complaint. Defendant therefore denies the allegations contained in the second sentence of paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in the first sentence of paragraph 48 of the Complaint except to admit that Mr. Hwang and Mr. Ngo met with the MSPB's Chief of Staff, Tracey Watkins, to discuss the issue concerning the resetting of the system date for the Lotus Notes server. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 48 of the Complaint, and therefore denies the allegations contained therein.

49.     Defendant denies the allegations contained in the first sentence of paragraph 49 of the Complaint except to admit that Mr. McDermott, a white male, is responsible for coordinating the management of E-Appeal, a web-based computer system that is programmed by Perot Systems and hosted by Perot Systems offsite. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 49 of the Complaint, and therefore

denies the allegations contained therein.

50. Defendant denies the allegations contained in the first sentence paragraph 50 of the Complaint except to admit that Mr. Thomas, a white male, developed an MSPB intranet portal and enabled the MSPB's public website to be hosted onsite at MSPB. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 50 of the Complaint, and therefore denies the allegations contained therein. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the third sentence of paragraph 50 of the Complaint, and therefore denies the allegations contained therein.

51. Defendant admits that Katherine Turner is responsible for agency-wide management of, and customer support for, the Case Management System, but denies the remaining allegations contained in the first sentence of paragraph 51 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 51 of the Complaint, and therefore denies the allegations contained therein.

52. Defendant denies the allegations contained in the first sentence of paragraph 52 of the Complaint except to admit that Mr. Hwang and Mr. Ngo met with the MSPB's Chief of Staff, Tracey Watkins, to discuss the issue concerning the resetting of the system date for the Lotus Notes server. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of paragraph 52 of the Complaint, and therefore denies the allegations contained therein.

53. Defendant denies the allegations contained in the first sentence of paragraph 53 of the Complaint, except to admit that Mr. Ngo asks questions regarding the ticketing system of employees in IRM. Defendant denies the allegations contained in the second sentence of paragraph 53 of the Complaint. Defendant denies the allegations contained in the third sentence

of paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in the first sentence of paragraph 54 of the Complaint, except to admit that Zak Mohamoud is an African American male, GS-13 employee who works under Hoang.  Defendant denies the allegations contained in the second sentence of paragraph 54 of the Complaint.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in the first sentence of paragraph 55 of the Complaint. Defendant therefore denies the allegations contained in the first sentence of paragraph 55 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 55 of the Complaint except to admit that Mr. Ngo nor Mr. Hwang have not formally reprimanded Mr. Hoang and/or Mr. McDermott.  Defendant admits the allegation contained in the third sentence of paragraph 55 of the Complaint, that Mr. Hoang and Mr. McDermott have each received at least one better performance rating than the Plaintiff since Hwang became the Director of IRM, but denies all other allegations in that sentence.

56.     Defendant denies the allegations contained in the first sentence of paragraph 56 of the Complaint.  Defendant denies the allegations contained in the second sentence of paragraph 56 of the Complaint.  Defendant denies the allegations contained in the third sentence of paragraph 56 of the Complaint, except to admit that Plaintiff and Mr. Thomas are both Team Leaders.

57.     Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 60 of the Complaint. Defendant therefore denies the

allegations contained in paragraph 60 of the Complaint.

61.Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in the first sentence of paragraph 62 of the Complaint. Defendant therefore denies the allegations contained in the first sentence of paragraph 62 of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in the second sentence of paragraph 62 of the Complaint. Defendant therefore denies the allegations contained in the second sentence of paragraph 62 of the Complaint.

63.Admitted.

64.Defendant admits that Plaintiff's 2006 performance rating was lower than all of her previous performance ratings at IRM, but denies the remainder of the allegations contained in the first sentence of paragraph 64.  Defendant denies the allegations contained in the second sentence of paragraph 64 except to admit that for fiscal year 2007, Plaintiff received a rating of Fully Successful.

## CAUSES OF ACTIONS

65.Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.Defendant denies the allegations contained in paragraph 67 of the Complaint.

## REQUESTED RELIEF

The remaining allegations of the Amended Complaint constitute a prayer for relief and jury demand, which requires no response.  To the extent that a response is deemed necessary, however, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.  Any relief would also be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court grant such other and further relief as may be deemed appropriate.

### DEFENSES

### FIRST DEFENSE

The Court lacks subject matter over certain claims set forth in the Complaint because the Plaintiff has failed to exhaust administrative remedies with respect to those claims.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

The Complaint is time barred with respect to all alleged acts of discrimination occurring more than forty-five days prior to October 31, 2006.

Dated: May 5, 2008.                                Respectfully Submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ _____
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0364


Attorneys for Defendant

Of counsel:

Thomas N. Auble
Legal Counsel,
Merit Systems Protection Board