```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

PATRICIA A. BROOKS,           )
                              )
        Plaintiff,            )
                              )
   v.                         )  C.A. No. 08-0100 (HHK)
                              )
NEIL A.G. MCPHIE, Chairman,   )
Merit Systems Protection Board,)
                              )
        Defendant.            )
_____)
```

## JOINT MEET AND CONFER STATEMENT

Pursuant to Rule 16.3 of the Local Rules, counsel for Plaintiff Patricia A. Brooks and Defendant Neil A.G. McPhie, in his official capacity only, conferred by telephone on June 25, 2008; and as a consequence of this conference, the parties, by and through their undersigned counsel, hereby file this Joint Statement and report as follows:

**Plaintiff's Statement of Facts and Legal Basis:**

Defendant unlawfully discriminated against Plaintiff Patricia A. Brooks in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to Plaintiff by Defendant's unlawful race discrimination, gender discrimination, and retaliation.

Plaintiff Patricia A. Brooks, an African American woman, is a highly qualified and productive federal employee who has been employed as an Information Management Technologist, GS-14, with the MSPB's Office of Information Resources Management ("IRM") for over nine years.  Throughout her career at IRM, Ms. Brooks has been responsible for successfully completing many high profile projects, and she works as one of the GS-14 Team Leaders in IRM.

After Tommy Hwang became the Director of IRM in January 2005, Mr. Hwang and Nick Ngo, Ms. Brooks' Asian male supervisors, began treating her differently than other MSPB employees who were not African American women.  They have, _inter alia_, threatened her position, harassed Ms. Brooks on numerous occasions, and given her a low performance appraisal, following her complaints to the MSPB Chairman and the MSPB EEO Director about mistreatment by her Asian male supervisors.

**Defendant's Statement of Facts and Legal Basis:**

Plaintiff, an African American female, is currently employed at the Merit Systems Protection Board.  In this Title VII case, she is making a hostile work environment claim. Plaintiff suffered no harm to her employment benefits or salary. She merely claims that her supervisors subjected her to a

hostile work environment because of her race and sex, and in retaliation for her prior protected Equal Employment Opportunity activity.  However, the alleged circumstances that formed the basis of her hostile work environment claim are not sufficiently severe or pervasive to constitute an actionable claim under Title VII.  In fact, Plaintiff does not allege any physical harm or other danger. Additionally, Plaintiff may not have exhausted her administrative remedies for some of her discrete discrimination claims.

(1) **Dispositive Motions.**  Plaintiff does not believe this case can be resolved by dispositive motion.  Defendant believes that this case can be resolved by dispositive motion.

(2) (a) **Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties. Plaintiff has a similar and related EEO case pending: Agency Case No. EEO-08-03 (formal complaint filed on February 29, 2008 and last amended on June 13, 2008). Plaintiff reserves the right to seek leave to amend or consolidate her District Court Complaint to include these claims within the time limits prescribed by 29 C.F.R. § 1614.407.  Defendant reserves the right to address the issues at the appropriate time.

    **(b) Agreement as to Factual and Legal Issues.** Plaintiff does not believe the legal or factual issues can be narrowed at this time. Defendant believes that at least some issues can be narrowed after some discovery because the evidence may show that Plaintiff has not exhausted her administrative remedies with respect to at least some of her claims.

**(3) Assignment to Magistrate Judge.** Neither party agrees to have this case referred to a Magistrate Judge for all purposes.

**(4) Prospects of Settlement.** Plaintiff is willing to discuss settlement. Defendant does not believe that settlement of this case is possible prior to discovery.

**(5) Alternate Dispute Resolution (ADR).** <u>See</u> paragraph (4) above.

**(6) Resolution by Dispositive Motions.** Plaintiff does not believe this case can be resolved by dispositive motion. The parties agree that, aside from any early dispositive motion filed by Defendant, any post-discovery dispositive motions should be filed within 30 days after the close of discovery, that oppositions or cross-motions be filed 30

      days thereafter, and that any replies be filed within 21 days after the filing of the oppositions or cross-motions.

(7) **Initial Disclosures.** The parties have agreed to exchange Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, within 30 days of the commencement of discovery.

(8) **Limitations on Discovery.**

    (a) **Number of Interrogatories.** As provided by the Federal Rules of Civil Procedure.

    (b) **Number of Depositions.** Plaintiff suggests a maximum of ten depositions per side. Defendant suggests that five depositions per side would be sufficient.

    (c) **Duration of Depositions.** As provided by the Federal Rules of Civil Procedure.

    (d) **Need for Protective Order.** The parties may submit appropriate Protective Orders to protect sensitive personal, financial, and/or medical information that may be exchanged, and to permit disclosure of records protected by the Privacy Act.

    (e) **Date for Completion of Discovery.** The parties believe that a total of one hundred fifty (150) days of

      discovery is in order, which should include discovery on any issues including damages, liability, and any expert discovery.

(9) **Exchange of Expert Witness Information.** If expert witnesses are required, the parties have agreed to exchange expert witness reports and information as soon as practicable but no later than sixty (60) days after discovery commences.

    (a) **Proponent's Disclosures:** Within sixty (60) days after discovery commences.

    (b) **Opponent's Disclosures:** Within thirty (30) days after service of proponent's expert disclosures.

(10) **Class Action Procedures.** Not applicable.

(11) **Bifurcation of Trial and/or Discovery.** Neither party believes that either the trial or discovery should be bifurcated.

(12) **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference for approximately 30 days after the conclusion of discovery or issuance of a ruling on any dispositive motion, if any.

(13) **Trial Date.** The parties request that a trial date be set

at the pretrial conference.

**(14) Other Issues.** The parties are not aware of any other issues that would be appropriate for inclusion in a Scheduling Order.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| JOSEPH D. GEBHARDT | JEFFREY A. TAYLOR |
| (D.C. Bar No. 113894) | D.C. BAR # 498610 |
| DANIEL K. GEBHARDT | United States Attorney |
| (D.C. Bar No. 975703) | |
| GEBHARDT & ASSOCIATES, LLP | /s/ |
| 1101 17th Street, N.W. | RUDOLPH CONTRERAS |
| Suite 807 | D.C. BAR # 434122 |
| Washington, DC 20036-4716 | Assistant United States |
| (202) 496-0400 | Attorney |
| Attorneys for Plaintiff | /s/ |
| | BRANDON L. LOWY |
| | Special Assistant U.S. Attorney |
| | 555 Fourth St., N.W. |
| | Washington, DC 20530 |
| | Phone: (202) 307-0364 |
| | Fax: (202) 514-8780 |
| | Brandon.Lowy@usdoj.gov |
| | Attorneys for Defendant |